AARON B. CHAPMAN and others

*vs.*

COUNTY COMMISSIONERS OF YORK COUNTY.

York.    Opinion March 8, 1887.

*County Commissioners. Certiorari. Ways. Practice.*

One county commissioner may act with his associates in a part of the proceedings of laying out a way, and another (his successor) act afterwards in his place in completing the proceedings, where the acts of the former are separable from those of the latter.

County commissioners are a court which is not dissolved by one going out and another coming in.

In a hearing under petition for *certiorari,* the sworn answer of the commissioners, as far as containing conclusions of fact, is regarded as having the same effect as if their record were amended according to the answer.

If, however, the answer should be indefinite, or equivocal, the court may require an amended answer, or the production of an amended record.

The commissioners should file their report at the next regular session after the hearing, and may return it to any day of such session.

ON report.

Petition for certiorari to quash the proceedings of the county commissioners in laying out a highway from Limerick village to Newfield.

*R. P. Tapley*, for plaintiff.

The action of the new commissioner infuses into the judgment an illegal and foreign element, viz. : the judgment of a stranger ; and this vitiates the whole judgment.

The introduction of this foreign element is not unlike a stranger acting with a grand jury. In such case it is held the indictment found is void although twelve and more of the persons legally qualified concurred in the finding. *Com* v. *Parker*, 2 Pick. 560 and cases cited.

The petitioners were in fact cut off from appealing at the October session, by the suspension of action and as soon as the certificate was filed the proceedings were closed ; so they have been prevented from making an appeal and compelled to submit to the action and judgment of a person who did not hear them. In the case of *Inh. of Windham, Petr's.* 32 Maine, 452, SHEPLEY, C. J., persons injured have a right to the same available length of time to make their applications as if no appeal had been taken.

The case of *Levant* v. *Co. Com.* 67 Maine, 429, does not, it seems to me, hold that matters which should appear of record can be proved by evidence *aliunde*. It specifically declares that "if the original record be defective it may be amended by the tribunal in accordance with the facts at any regular session." No evidence *aliunde* is received except upon the question of discretionary action, and when necessary to show what certain rulings complained of were founded upon.

*L. S. Moore*, for the respondents, cited : 30 Maine, 351 ; 31 Maine, 578 ; 32 Maine, 450 ; 36 Maine, 74 ; 65 Maine, 160 ; *Levant* v. *Co. Com.* 67 Maine, 429.

PETERS, C. J.    Can a county commissioner act with his associates in receiving a petition, ordering notice upon it, taking a view under it, adjudicating in favor of a road asked for by the petition, and his successor in the office act afterwards in his place in completing the proceedings to a finality—and the record be legal? This inquiry might perhaps be avoided in the case before us, by force of the fact that two other commissioners, a quorum of the board, concurred in the steps taken throughout, thus rendering their action valid.    But as the same question may occur at most any time again, from the present election law requiring commissioners to be chosen singly in consecutive years, instead of all of them in the same year, we are disposed to put the question at rest at this opportunity.    We see no irregularity in such proceedings.

The board are a court and the court is not dissolved by one commissioner going out and another coming in.    It continues to be the same court though its personality be changed.    One commissioner participates in the earlier questions arising in the proceedings, and helps decide them.    Those questions are then disposed of.    We see no need of going over that ground again, any more than in any other court where one judge at one term settles a preliminary question and another judge at another term tries the case in its subsequent stages.    Of course, the first action must be in its nature, separable from the later acts.

Counsel for the petitioners contend that the record does not show specifically what part of the proceedings each commissioner participated in, and that it must appear from the record, and cannot be supplied by the answer of the respondents.    His point is that the adjudication that the road is demanded by public convenience and necessity is merely a legal conclusion — not a fact — and that legal conclusions can appear only of record.

We think it to be a fact that an adjudication was made, and that what the adjudication was would be a fact.    Its legal effect would be another thing.

But we also think the doctrine of the case of *Levant* v. *Commissioners*, 67 Maine, 429, does not admit of so illiberal an interpretation as counsel puts on it.    On the hearing of a peti-

tion the oath of the respondents, in matters officially known to them, is as good as a record, to supply mere deficiencies. The inference is that they would amend their record, which they could do, in accordance with their sworn statement, and, as that is regarded as certain which can be made certain, the record, for the purposes of the hearing is regarded with the same effect as if it were amended accordingly. If the court should suspect evasion or prevarication, it could no doubt require further answer, or that an amended record be produced for its examination. Commissioners do not keep exact journals of all minor and preliminary proceedings, and they rely upon covering all necessary points when they file their report at length. It would not be expedient to view county commissioners' records with as much circumspection as would be rulable in criminal and even in some civil matters. The rules prescribed in *Levant v. Commissioners, supra,* have had an excellent practical influence in preventing unwise and wearisome litigations.

It is contended that the commissioners' report was not filed at the next regular term after the view was had, because dated in June and the court commenced its session in April. But the record produced declares it to have been returned at the regular April term, and the commissioners swear to the fact. Counsel for the present petitioners conceives the answer to be equivocal in that respect. He could have required a more certain answer, if needed. The objection cannot avail.

It is further objected that a report cannot be filed at so late a day of a regular term as this report was. That is a matter to be regulated by the rules of procedure of that court. It is hardly pretended that the filing must be on the first day of their meeting, and no rule of law can determine on what day it shall or shall not be done.

Nor did the commissioners make any mistake in making their report to the April term, the first regular session after the hearing. Other older statutes may have been susceptible of some uncertainty on this point; the present statute is clear.

There are no merits in the case requiring our discretionary intervention to defeat the contemplated road. The question has

run the gauntlet of the commissioners, of a committee on appeal, and of this court at *nisi prius.* All possible means of opposition have been expended to prevent the road.

*Petition denied.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.