Tombaugh v. Grogg.

## TOMBAUGH *v.* GROGG.

[No. 17,725.   Filed October 15, 1896,]

STATUTES.—*Construction of in Contested Election Cases.*—Statutes providing for contesting elections should be liberally construed in order that the will of the people in the choice of public officers may not be defeated by any merely formal or technical objections. *p. 103.*

NOTICE.—*Special Session of Commissioners' Court.*—*Commencement of Term of New Member of Board After Notice.*—The board of county commissioners is not dissolved by one member going out and another coming in, and if the existing members of the board have proper notice of a meeting of the board to hear and determine contested election cases, called by the auditor as provided by statute, no further notice is required to be served on new members who become such before the meeting.   *p. 104.*

SAME.—*Commissioners' Court.*—*Special Session.*—*Contested Election.* —Where the notice to the board of county commissioners to meet in special session to try a contested election case was not served, but the members appear at the time and place fixed to try the same, thus waiving service of notice, neither the contestor nor contestee can object to such want of service.   *p. 104.*

SAME.—*Commissioners' Court.*—*Special Session.*—Where a notice to the members of the board of commissioners to meet in special session states their names incorrectly or names the wrong persons, and the legal members thereof attend, the special session will be lawful.   *p. 104.*

SAME. — *Commissioners' Court.*—*Special Session.* — *Contested Elections.*—*Statute Construed.*—When notice has been issued to the board of commissioners, and the contestee, as required by section 4760, R. S. 1881 (6316, Burns' R. S. 1894), and the board of commissioners fail to meet in such special session, and no other special session is called before the next regular session of the board, such contested election case, as provided in said notice for a special session, may be tried at the regular session of such board.   *p. 105.*

Tombaugh *v.* Grogg.

COMMISSIONERS' COURT.—*Extension of Trial Beyond Regular Term.*
—*Statute Construed.*—Section 1379, R. S. 1881 (1442, Burns' R. S.
1894) which provides that, if at the expiration of any term of
court the trial shall be progressing, the court may continue its sit-
ting beyond such time, is applicable to the board of commissioners
when sitting as a court in the trial of a cause.

SAME.—*Rules Governing.*—A board of county commissioners sitting
as a court for the trial of a contested election case has the same
power to make and correct its entries to conform to the facts, and
is governed by the same rules in the exercise of such power as
the circuit court, and the presumption will be indulged in favor
of a *nunc pro tunc* entry by it, that it was made upon proper evi-
dence, and that it states the facts as they occurred in the cause.

From the Miami Circuit Court. *Reversed.*

*Loveland & Loveland* and *N. N. Antrim,* for appel-
lant.

*F. D. Butler* and *C. A. Cole,* for appellee.

MONKS, C. J.—Appellant and appellee were opposing
candidates for the office of township trustee at the
November election, 1894, and appellee was declared
elected to said office.    At the proper time appellant
filed a statement of the grounds of contest with the
county auditor, as required by section 6314, Burns'
R. S. 1894 (4758, R. S. 1881).    And on November 20 the
auditor issued a notice to the board of commissioners,
naming Samuel King, Ezekial V. Robbins, and James
W. Knox, as the members thereof to meet on Novem-
ber 30, at the courthouse, to hear and determine the
case of the appellant v. this appellee, as well as four
other contested election cases.    This notice was served
by the sheriff on the persons named therein on said
day.    The auditor also issued the proper notice to ap-
pellee, which was served on him.    The board of com-
missioners did not meet on the 30th of November, the
date fixed by the auditor.

On December 3, 1894, the board of commissioners,

Lewis Bond, Daniel King and David Stitt, met in regular session, and on December 6, the fourth day of said regular term, by order of the board, a *nunc pro tunc* entry was made, setting forth the foregoing facts and also other matters, showing why said board did not meet on November 30 to try said election contests. From this entry it appears that Jesse W. Knox was not a member of the board of commissioners when said notice was issued, nor when the same was served on him, but David Stitt was, from and after November 16, 1894, the commissioner from the first district, having succeeded said Knox on said day, as was adjudged by the Miami Circuit Court. That on November 26, 1894, a writ of mandate and prohibition was, by order of the Miami Circuit Court, duly issued, commanding said Robbins not to act with said Knox or recognize him as a member of the board of commissioners, and that he only act in conjunction with said King and one Stitt, and that said Knox be prohibited from acting as a member of said board or interfering then with the business thereof, until the further order of the court, which order and writ were made perpetual on December 3, 1894. That Daniel King, one of the commissioners named in said notice, was sick when the same was served on him, and was unable to attend the meeting of the board on November 30, 1894, and said David Stitt had not been notified of said meeting and was not then present to participate in the proceedings of said board, and there was no meeting on said day as no quorum was then present; that on said 30th day of November, at the time set for the hearing of said contest, appellee and his attorney acknowledged service of said notice of contest and entered his appearance thereto. At the time said entry was ordered by said board and the same was made, appellee was present and entered a special appearance and filed written

objections to said entry, upon the ground that the board had no jurisdiction. Appellee, in compliance with the order of the board, filed his answer on December 7, and on the same day appellant filed a reply. Afterwards, on December 11, appellee filed objections in writing to the jurisdiction of the board of the subject-matter of the action. These objections were overruled by the board, and the trial was commenced and proceeded from day to day until December 13, when appellee objected to the board hearing further evidence in said cause for the reason that the regular term expired the day before, December 12, and the board had not been called in special session by the auditor. The objection was overruled, and the board proceeded with the trial from day to day until December 15, when final judgment was rendered in favor of appellant, from which appellee appealed to the court below, where he filed a motion to vacate the judgment of the board and dismiss the proceeding for the following reasons:

"1. That said board did not acquire jurisdiction of said cause for the reason that no notice of the filing and pendency of said contest was served on two members of said board.

"2. That said board did not meet at the time stated in the notice to appellee.

"3 That said board did not meet in pursuance of any notice by the auditor, served on the members thereof, and did not meet at the time fixed by the auditor in the notice served on one of the members of said board, the said Daniel King.

"4. That said board of commissioners assumed jurisdiction of said proceedings by virtue of their being in session at their regular December session, and by force or virtue of no notice or summons convening them in special session.

"5. That said board, over the objection of the contestee, continued said proceeding beyond their said regular term, and assumed to and did take action and render final judgment after the expiration of said regular term. Wherefore said contestee says the board of commissioners had no jurisdiction of said cause at the time of any of the proceedings had or orders entered therein before said board, and he moves the court that said judgment be vacated and said proceeding dismissed," which motion was sustained by the court and said cause dismissed, to which appellant excepted at the time.

The errors assigned call in question the action of the court below in sustaining said motion.

It will be observed that the only question presented is whether the board of commissioners had jurisdiction over the subject of the action.

It is a general rule that statutes providing for contesting elections should be liberally construed in order that the will of the people in the choice of public officers may not be defeated by any merely formal or technical objections. *Hadley* v. *Gutridge*, 58 Ind. 302. This rule of construction is to be kept in view in the determination of the question presented by the appeal.

It is shown by the record that appellant complied with all the requirements of the statute, and was entitled to have his action against appellee tried. The cause of the failure of the board to meet at the time fixed by the auditor is fully shown, but whatever the cause may have been, it is evident that appellant was not responsible therefor. \

The notice to the board was served on King and Robbins, who were then members of the board, and on Knox, who had been a member, and was claiming to hold until December 3, the first day of the Decem-

ber term of the board. He was a *de facto* member of the board when served with the auditor's notice. The board of county commissioners is not dissolved by one member going out and another coming in. *Chapman* v. *County Com'rs*, 79 Maine 967, 9 Atl. 728. Bond and Stitt, who sat in the trial of the cause, were the successors of Robbins and Knox, respectively, and the board having had the proper notice, no new or further notice was required to be served on the new members. Besides, if the notice to the board to meet in special session and try an election case has not been served, but the members appear at the time and place fixed to try the same, thus waiving the service of the notice, neither the contestor nor contestee can object to such want of service.

It is not the service of the notice that gives the board jurisdiction when they meet in special session. If the auditor issues a notice to them, fixing the time and place to meet, and they waive the service of the notice by appearing, no one can successfully complain of the want of service on the commissioners. *Jussen* v. *Board, etc.*, 95 Ind. 567, 573; *State, ex rel.*, v. *Board, etc.*, 104 Ind. 123, 129; *Prezinger* v. *Harness*, 114 Ind. 491, 494; *White* v. *Fleming*, 114 Ind. 560, 574.

The better practice is for the notice to contain the names of the members of the board, but if it states their names incorrectly, or names the wrong persons, and the legal members of the board attend, the special session will be lawful. The fact that the commissioners, Bond and Stitt, were not served with a notice issued by the auditor is not material, if the board of commissioners, when they tried this case, had jurisdiction in other respects.

The other reasons assigned by appellee in his motion to dismiss, present a more difficult question. The record shows that the board was prevented from meet-

Tombaugh *v.* Grogg.

ing on November 30 by the restraining order of the Miami Circuit Court, and that otherwise Robbins and Knox would have met at the time named and proceeded with the trial of the five contested election cases named in the notice. The final judgment of the circuit court was not rendered until December 3, when it was adjudged that Stitt and not Knox was the commissioner from the first district, and the injunction against Knox was made perpetual. The December term of the said board commenced on Monday, December 3, the day upon which said final judgment was rendered by the circuit court. The board met in regular session on said day, and continued transacting general business, before the board, until December 6, when the *nunc pro tunc* entry was ordered and made in this cause, which is set forth in the record.

Original jurisdiction to try contests for township offices is vested in the board of commissioners. It was the legislative intent to compel a speedy trial and determination of this class of cases, and for that reason it was provided by section 6316, R. S. 1894 (4760, R. S. 1881), that the auditor should call a special session of the board of commissioners when a statement of contest was filed.

We are of the opinion that when the auditor has issued the notice to the board of commissioners and the contestee, required by section 6316 (4760), *supra*, and said contestee has been served, and the board of commissioners fail to meet in such special session, and the auditor does not call another special session to try said cause before the next regular session of the board, that said cause may be tried at such regular session. And if all of said contests are not disposed of at such regular term, it is the duty of the auditor to call a special session under the provisions of section 6316 (4760), *supra*, to try the same. If this is a correct

proposition, as we believe it is, the board had jurisdiction to try this cause and render judgment therein at its regular term.

It has been held that where the law fixes the time and place for holding a court of inferior jurisdiction, the failure to meet at the time and place designated will, ordinarily, in the absence of a controlling statute, result in a lapse of that particular term of court. *Loesnitz* v. *Seelinger, Treas.*, 127 Ind. 422, 427. In such case, however, all the pending business remains in said court for trial at the next regular term. Even under this rule, if the special term to meet on November 30 lapsed on account of the failure of the board to meet on that day, then the board had jurisdiction to try said cause at the regular December term.

The trial extended beyond the time fixed for the regular term of the board, but this did not render the judgment either void or voidable, but the same was valid under the provisions of section 1442, R. S. 1894 (1379, R. S. 1881). That section provides that, if at the expiration of any term of court the trial shall be progressing, said court may continue its sitting beyond such time  *  *  *  and in such case the term shall not be ended until the cause shall finally have been disposed of by the court. This section is applicable to the board of commissioners when sitting as a court in the trial of a cause.

On December 12, the last day of said regular session, if there were any other election contests except the one on trial not disposed of, it was the duty of the auditor to call a special session of the board under the provisions of section 6316 (4760), *supra*, for the trial thereof.

Appellee contends that "the *nunc pro tunc* entry should be disregarded by this court. That while courts have the power to modify the judgments and

orders during the time the proceeding is *in fieri*, yet this right cannot justify their falsifying the records by inserting therein by means of a *nunc pro tunc* entry proceedings that were never taken and papers that were never filed in the case."

So far as we have set out what appears from the *nunc pro tunc* entry made by the board of commissioners, we have no right to disregard it. The board of commissioners, in the trial of this case, was governed by the rules of law obtaining in the circuit court and had the same power to make and correct its entries. Section 6317, Burns' R. S. 1894 (4761, R. S. 1881); *Hadley* v. *Gutridge*, *supra*.

There is nothing before us showing that the board falsified its records, or brought into the record by means of the *nunc pro tunc* entry any proceeding except such as took place, or any papers except those that were filed. The presumption is that the entry was made upon proper evidence, and that it states the facts as they occurred in said cause.

It follows that the court erred in sustaining the motion to dismiss.

Judgment reversed, with instructions to overrule said motion and for further proceedings in accordance with this opinion.