BURNS *v.* STENHOLM.

1. MUNICIPAL CORPORATIONS — CITY COMMISSION — VACANCIES — CHARTER—PETITIONS.

The fact that proposed ordinance submitted to city commission on initiatory petition sought to provide method of filling vacancies on the commission different from existing provisions for such purpose in city charter would not preclude remaining members of commission from filling vacancies pursuant to such provisions of the charter (Ironwood Charter, chap. 4, § 9; chap. 8, §§ 1, 2; chap. 23, § 6).

2. SAME—AMENDMENT OF CHARTER.

The operation of provisions of a city charter may not be suspended by a proposed amendment to the city charter.

3. SAME—LESS THAN QUORUM—POWERS—ADJOURNMENT—COMPELLING ATTENDANCE OF ABSENTEES.

When only two members of a five-member city commission are in attendance, their powers are limited to adjournment or compelling attendance of absent members.

4. SAME—VACANCIES ON CITY COMMISSION—QUORUM.

The filling of a vacancy on a five-member city commission may not be effected at any meeting thereof where only two members are present.

5. SAME—SPECIAL MEETING—NOTICE—WAIVER AS TO ADDITIONAL MATTERS.

The business which may be transacted by the governing body of a municipal corporation at a special meeting is limited to that stated in the notice of the meeting except as other business is transacted by universal consent to do so.

6. SAME—SPECIAL MEETING—NOTICE—OBJECTIONS.

Resolutions presented and passed at special meeting of city commission were void where no notice of such resolutions was contained in notice of the meeting, and one member objected to their consideration thereat.

7. SAME—CITY COMMISSION—FILLING OF VACANCIES.

It became the duty of the remaining three members of five-member city commission to take steps to follow charter provisions to fill the two vacancies at the next election where the efforts of two of the remaining members to fill the vacancies by appointment under city charter were frustrated by the third.

8. Costs—Public Questions—Municipal Corporations—Vacancies
on Governing Body.

   No costs are allowed in mandamus proceeding to compel city
   commission to hold a meeting and consider ordinance pursuant
   to initiatory petition where questions as to validity of ap-
   pointments to fill vacancies on city commission presented pub-
   lic question.

Petition by William L. Burns and others against
Victor J. Stenholm and others, city commissioners of
the City of Ironwood, for writ of mandamus compel-
ling defendants to introduce and pass a proposed
ordinance or submit the same to the vote of the elect-
ors of the city and to call a special election to fill
vacancies and for other relief. Submitted January 30,
1945. (Calendar No. 42,910.) Petition dismissed
February 20, 1945.

*Charles M. Humphrey, Charles M. Humphrey, Jr.,*
and *Joseph W. Planck,* for plaintiffs.

*Denis McGinn,* for defendant Lawyer.

*Wm. G. Cloon,* for other defendants.

Sharpe, J. The city of Ironwood is a home rule
city, governed by a charter. The legislative body of
the city, under the charter, is a commission consist-
ing of five citizens elected on a nonpartisan ticket
from the city at large. On July 1, 1944, the city com-
mission was composed of the following five elected
commission members: Victor S. Stenholm, mayor,
whose term as commissioner expires April, 1945;
Anthony W. Bulinski whose term expires April, 1947;
George H. Lawyer whose term expires April, 1945;
Edward A. Marander whose term expires April,
1945; and John A. Sabol whose term expires April,
1947.

It appears that commissioner John A. Sabol entered the United States naval service and his resignation as commissioner was accepted July 24, 1944. On August 6, 1944, commissioner Edward A. Marander died thus leaving only three members on the city commission.

Charter provisions pertinent to the solution of the issues involved in this case read as follows:

Chapter 4, § 6. ''A majority of all the members elected to the commission shall constitute a quorum, but a less number may adjourn from day to day and compel the attendance of absent members in such manner and under such penalties as may be prescribed by ordinance. The commission shall act only by ordinance or resolution.''

Chapter 4, § 9. ''A vacancy in any elective office shall be filled by appointment by a majority of the remaining members of the commission. Such appointee shall hold office until the next regular municipal election taking place more than 60 days after such vacancy occurs, at which election a successor shall be elected for the unexpired term of the member in whose office the vacancy occurs.''

Chapter 8, § 1. ''Any proposed ordinance may be submitted to the commission by petition signed by electors of the city equal in number to 15 per cent. of the highest vote cast in the city for commissioners at the last preceding general election. The petition shall contain a request that the ordinance be submitted to a vote of the people if not passed by the commission, and the ordinance shall either be contained in the petition or shall accompany it.''

SEC. 2. ''Within 30 days after such petition is presented to the commission, the commission shall either pass the proposed ordinance without alterations, or it shall amend the ordinance if it deems it advisable, retaining however, the general purpose

thereof, or it shall submit the same, without amendment, to a vote of the electors of the city."

Chapter 23, § 6. "The commission shall always respect the right of the electors and taxpayers to petition it for any public purpose. Such right shall never be denied or abridged."

Subsequent to the resignation of John A. Sabol and the death of E. A. Marander and on August 16, 1944, a petition was filed with the city clerk signed by the required number of electors requesting that an ordinance be adopted to submit to the electors the question of filling the vacancies. A second petition of like import was filed with the commission on September 6, 1944, which shall be considered in this opinion.

On August 17, 1944, commissioners Bulinski and Stenholm called a special meeting of the commission for the purpose of filling vacancies on the commission and to act on the proposed ordinance. At this meeting only two members of the commission were present, commissioner Lawyer being absent. The two commissioners attempted to appoint Sigurd Jones to fill the vacancy caused by the resignation of John A. Sabol. No other business was conducted.

On August 18, 1944, a special meeting was held pursuant to the call of the city manager for the purpose of acting on the petition for an ordinance of August 16, 1944, purported to have been introduced under the initiative and referendum provisions of the charter. At this special meeting commissioners Bulinski, Stenholm and Lawyer were present. No affirmative action was taken on the petition, but a motion was made by Bulinski and supported by Stenholm: "That the appointment of Sigurd Jones to fill the vacancy of John Sabol taken at last night's special commission meeting called for the

purpose of filling vacancies, be confirmed." On a roll call of the three commissioners present, Bulinski and Stenholm voted in the affirmative. Lawyer did not vote.

At a regular meeting of the commission held August 28, 1944, only two commissioners, Bulinski and Stenholm, were present. At this meeting a motion was made by Bulinski and supported by Stenholm that Leonard Michaelson be appointed to fill the unexpired term of Edward Marander, deceased. On a roll call the two commissioners voted in the affirmative and the resolution was declared adopted. Leonard Michaelson being present, the oath of office was administered to him and he thereafter took part in the commission proceedings.

The city manager called a special meeting of the commission on September 8, 1944, to act on the petition for an ordinance filed September 6, 1944. Commissioner Bulinski, Stenholm and Lawyer were present. No action was taken on the initiative and referendum petition, but a motion was made by Bulinski and supported by Stenholm: "That Leonard Michaelson be appointed to fill the vacancy of Edward Marander, deceased." On a roll call, commissioners Bulinski and Stenholm voted in favor of the motion and it was declared adopted. Commissioner Lawyer declined to vote.

It also appears that an adjourned regular meeting of the city commission was held on September 14, 1944, at which time Bulinski, Stenholm and Michaelson were present. Sigurd Jones resigned as a commissioner and A. P. Laabs was appointed to fill the unexpired term of John Sabol.

Thereafter, plaintiffs as citizens and taxpayers of the city of Ironwood filed a petition, in behalf of themselves and others who had signed the petition for the ordinance, for a writ of mandamus to compel

the members of the city commission of Ironwood to hold a meeting of the commission within 10 days and adopt the ordinance or submit it to the electors of the city of Ironwood for their approval or disapproval. On October 31, 1944, we issued an order to show cause why a peremptory writ of mandamus should not be issued to compel the defendants to comply with the requests made in the petition for mandamus.

The defendants, except commissioner Lawyer, filed an answer to the show cause order in which they assert that vacancies in the city commission have been legally filled; and that the adoption of the proposed ordinance by the commission or its submission to the electors is an unnecessary act. Commissioner Lawyer filed an answer in which he joined in the prayer for relief of petitioners. On November, 30, 1944, an order was entered in the Supreme Court permitting Leonard Michaelson and A. P. Laabs to intervene as parties defendant.

Plaintiffs urge that after the petition with the ordinance attached was presented by the electors to the city commission, the latter could not act to fill the vacancies. We are not in accord with this theory. The city charter provides the manner of filling vacancies. The city charter cannot be suspended by a proposed amendment to the charter.

Whether the writ of mandamus should issue as prayed for by plaintiffs depends upon the legality of the appointment of Michaelson and Laabs at any regular or special meeting of the city commission.

It is urged by plaintiffs that two commissioners cannot fill vacancies unless a quorum of the elected commissioners are present at the meeting; and that a quorum consists of a majority of all the members elected to the commission. Defendants, except commissioner Lawyer, urge that by virtue of section 9 of

chapter 4 of the city charter such appointments were legal.

Chapter 4, § 9, of the city charter reads as follows: "A vacancy in any elective office shall be filled by appointment by a majority of the remaining members of the commission." This section relating to appointments must be read and construed in connection with section 6 of chapter 4 relating to the number of commissioners necessary to constitute a quorum. Under section 6 it is provided that a less number than a quorum "may adjourn from day to day and compel the attendance of absent members." It is our opinion that when only two members of the commission are in attendance at any regular or special meeting, they are limited in power and may only adjourn or compel attendance of absent members. They may not transact any business such as making an appointment to fill a vacancy in the city commission.

It is urged by plaintiffs that the attempted appointment of Mr. Michaelson at the special meeting of September 8th was void. We note that this meeting was called by the city manager, the notice of which reads as follows:

"Please take notice that a special meeting of the city commission of the city of Ironwood will be held in the usual meeting room in the Municipal-Memorial Building, in the city of Ironwood, Michigan, Friday, September 8, 1944, at 7:30 o'clock in the afternoon of said day, for the sole purpose of complying with the wishes and the request contained in the petition of the qualified voters of the city of Ironwood, wherein they request that a special election be held to fill vacancies, namely said special meeting to be held for the sole and only purpose, and for no other purpose than to introduce an ordinance entitled:

" 'An ordinance providing for a special election to be called and held in the city of Ironwood, for the election on a nonpartisan ticket, from the city at large, of two city commissioners to fill vacancies.'

. pursuant to petition filed with the city commission of the city of Ironwood on the 6th day of September, 1944, and which petition is signed by the required number of duly qualified electors of the city of Ironwood, pursuant to the provisions of chapter 8 of the charter and the provisions of chapter 23, § 6, of the charter, and which petition requests that said ordinance be either adopted by your commission, at a special meeting, or it be submitted to a vote of the people of the city of Ironwood.
Dated: Ironwood, Michigan, September 7, 1944.''

At this meeting commissioners Bulinski, Lawyer and Stenholm were present. The first resolution adopted at the meeting was the suspension with the special order of business. The following resolutions were also presented:

''Resolved, That Leonard Michaelson be appointed to fill the vacancy of Edward Marander, deceased.''

''Resolved, That Sigurd Jones be appointed to fill the vacancy of John Sabol.''

These resolutions were introduced by commissioner Bulinski and supported by mayor Stenholm. Commissioner Lawyer objected to the consideration of either motion and said: ''The motion is illegal, out of order, and subject to court procedure.'' Upon roll call, commissioner Bulinski and mayor Stenholm voted in the affirmative and the resolutions were declared adopted.

Plaintiffs urge that the appointment of Michaelson at this special meeting was void as the notice and call for the special meeting provided in express terms that it was called for the sole and only purpose and

for no other purpose than to introduce the ordinance providing for the special election to fill the two vacancies.

Defendants Stenholm and Bulinski urge that inasmuch as commissioners Stenholm, Bulinski and Lawyer were present at the meeting, any business could be transacted. They rely upon the provisions of chapter 4, § 5, of the city charter which reads as follows:

"The mayor, any two members of the commission, or the manager, may call special meetings of the commission, upon at least 10 hours' written notice to each member, served personally or left at his usual place of residence, provided however, any special meeting at which all members of the commission are present shall be a legal meeting for all purposes, without such written notice."

It is our opinion that the proviso in the above section relates to meetings held by the commission without written notice. The general rule as to what business may be transacted at a special meeting is well stated in 2 Dillon's Municipal Corporations (5th Ed.), p. 828, § 505:

"The notice must state *the time* of meeting, and *the place,* if it be not the usual place. It is not necessary to state what business is to be done, when the meeting relates only to the ordinary affairs of the corporation; but when it is for the purpose of electing or removing officers, passing ordinances, and the like, the fact should be stated, so that members may know that something more than the usual routine of business will be transacted. Such great importance is attached to notice that it can *only be waived by universal consent;* but if every member of a select body be present at a regular or stated meeting or at a special meeting, they may, if *every one* consents, but not otherwise, transact any business, ordinary or

extraordinary, though no notice was given, or an insufficient notice, but the unanimity of consent should plainly appear from their recorded declaration, acts, or conduct.''

In the special meeting of September 8, 1944, commissioner Lawyer objected to the transaction of any business except the consideration of the proposed ordinance. He did not consent to the consideration of appointments to fill vacancies in the commission. It follows that the resolutions at the special meeting of September 8, 1944, concerning appointments to fill vacancies in the commission were void and of no effect.

We have also examined the proceedings of the commission meetings held on November 13, 1944, and December 11, 1944, and conclude that no legal appointment was made to fill the vacancies in the commission at such meetings.

We note that the term of office of former commissioner Edward A. Marander expires in April, 1945, and the term of office of former commissioner John A. Sabol expires in April, 1947; that under the charter it becomes the duty of the three remaining commissioners to fill the vacancies by appointment; that two of the commissioners have endeavored to make such appointments, but their endeavors have been frustrated by the nonaction of the third commissioner; and that a biennial election in the city of Ironwood will be held in April, 1945, for the purpose of electing city officials as is provided for in the city charter. In our opinion the practical solution of the problem is for the election officials of the city of Ironwood to immediately take the necessary steps to follow the provisions of the city charter and to elect a commissioner at the April election in 1945 to fill the vacancy caused by the resignation of John A. Sabol,

and at the same election to elect a commissioner to fill the unexpired term of the late Edward A. Marander.

In view of the foregoing decision in this matter we do not find it necessary to issue a writ of mandamus. The petition is dismissed, but, without costs as a public question is involved.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.