## WILLIAN ET AL. v. CITY OF EVANSVILLE.

[No. 18,158. Filed April 12, 1951.]

186

*French Clements,* of Evansville, for appellants.

*William T. Fitzgerald* and *Jerome L. Salm*, both of Evansville, for appellee.

CRUMPACKER, J.—In this case we are called upon to review a judgment of the Vanderburgh Superior Court validating Ordinance 1883, enacted by the common council of the city of Evansville, Indiana, whereby 1230 acres of land were annexed to said city.

Said judgment is attacked first on the grounds that Ordinance 1883 was enacted at a special meeting of the common council, notice of which failed to meet the requirements of a general ordinance, pertaining to special meetings, which describes notice and the contents thereof. The appellants contend that a strict compliance with said ordinance is mandatory and jurisdictional and, as there was a failure to do so in this instance, the council had no power to transact business at said special meeting. As authority for this proposition the appellants rely on the case of *Swindell, Mayor, etc.* v. *The State, ex rel. Maxey* (1895), 143 Ind. 153, 42 N. E. 528, wherein it is held that when the mode of procedure on the part of the common council in the adoption of an ordinance is regulated either by charter or ordinance, the prescribed procedure must be followed strictly or the resulting ordinance will be void. The question before us, however, is not whether Ordinance 1883 was enacted in the prescribed manner but whether or not the special meeting at which it was enacted was a legal meeting of the council.

It was stipulated by the parties that at a regular meeting of the council, held on June 20, 1949, at the usual time and place, it was decided upon motion duly carried that the council would meet in special session on July 5, 1949, "relative to the annexation and sale of sewerage property." Accordingly the clerk issued and served written notice of such

meeting on each member of the council. All of them attended the meeting in response to such notice, defective though it might have been, and voted unanimously for the passage of the ordinance in question. It will be noted that the statutes pertaining to the annexation of land to cities and towns in Indiana require no notice to the general public prior to the passage of the annexation ordinance. Burns' 1950 Replacement, § 48-701 et seq. Notice of special meetings of the common council of municipal corporations, required by charter, ordinance or rule, is primarily for the benefit of the council members. It is not only the right but the duty of every councilman to attend such meetings because it is the joint and collective judgment of them all that the law seeks to secure through provisions for written notice to each of them. Hence it is almost universally held that: "It is necessary to the validity of a special meeting that all of the members have been duly notified as required by law, unless those who were not properly notified were present at the meeting. But a special meeting duly called on notice to all members, whether all attend or not, is legal. And when all members are present voluntarily and participate, the meeting is legal for all purposes unless the law provides otherwise. Hence, notice of a special meeting may be dispensed with, or its necessity waived by the presence and consent of everyone of those entitled to notice, and who participate in the meeting." 4 McQuillin, *Municipal Corporations* (3rd Ed.), § 13.37, p. 509, and cases cited. This rule seems reasonable to us and we find no law in Indiana to the contrary. It is true that an ordinance prescribing the procedure for calling special meetings of the common council is as binding on all concerned as would be an act of the legislature and such an ordinance cannot be ignored where there is need for its application. Where its only purpose, how-

ever, has been fully served there is no reason for its application and a failure to follow its provisions strictly affords no basis for the conclusion that a special meeting, voluntarily attended and participated in by all members of the council, is powerless to transact business.

The appellants next contend that Ordinance 1883 describes the land it seeks to annex so ineffectually that it is worthless for the accomplishment of its purpose. The description is by metes and bounds and begins at the "Southwest corner of the Northwest Quarter of Section 21, Township 6 South, Range 10 West; thence in an easterly direction along the present city boundary line to its intersection with the center line of Boeke Road; then East to the West line of property belonging to the State of Indiana; then North along and following said West line to the center of Pidgeon Creek; then in a northwesterly direction along the center line of said Creek to its intersection with the present city boundary line; and thence South along said city boundary line to the place of beginning."

The appellants emphasize the fact that the present north boundary line of the city of Evansville intersects the center line of the Boeke Road exactly on the west line of the State property and, they say, if one continues east from there, seeking such west line, as the description directs he shall, he will go on ad infinitum. Patently the south boundary of the annexed territory, running eastward, stops at the west line of the State property and the direction to continue east from there to such line covers a zero distance and must be considered mere surplusage injected in the description under the impression, perhaps, that the east line of Boeke Road was the west boundary of said State land.

From this point the east line of the annexed territory runs north "along and following" the west line of

said State land to the center of Pidgeon Creek. The appellants say it is impossible to go north along this line because it jogs to the east for substantial distances at two points before it reaches Pidgeon Creek. We see no merit in such contention. The description used in the ordinance clearly indicates that the west boundary line of the State property, staggered as it may be, is to be the east boundary line of the annexed territory. In our opinion the description in question is such that, upon a fair and reasonable construction thereof, its boundaries are evident without resort to parole evidence or rules of legal interpretation. That, we believe, is all that is necessary. 2 McQuillon, *Municipal Corporations* (3rd Ed.), §§ 7.31 and 71.34, and cases cited; *Diamond Plate Glass Co.* v. *Tennell* (1899), 22 Ind. App. 132, 52 N. E. 168.

It appears that while this case was pending for trial in the Vanderburgh Superior Court one Alfred Bauer and his wife Martha Bauer, being the owners of three acres of land contiguous to the city of Evansville on the north and known as Evergreen Terrace, petitioned the council that such land be annexed to the city. This was done on May 1, 1950, by the passage of Ordinance 1915 which contained a clause repealing all ordinances or parts of ordinances in conflict therewith. It is agreed that all of the land known as Evergreen Terrace is included within the boundaries of the territory theretofore sought to be annexed by Ordinance 1883. The appellants contend that the passage of Ordinance 1915 had a two-fold effect: (1) It rendered the remaining land described in Ordinance 1883 no longer contiguous to the city of Evansville and therefore not subject to annexation; and (2) it repealed Ordinance 1883. We find no case in Indiana decisive of the first proposition but it was held in *Wilson* v. *City of Sheboygan* (1939), 230 Wis.

483, 283 N. W. 312, that where the description in an annexation ordinance included a park which was already within the city limits, that part of the description which included the park was mere surplusage. Such is our present situation and as Evergreen Terrace was already in the city when Ordinance 1883 became effective through the judgment below, the remaining land described therein, being contiguous to Evergreen Terrace, was necessarily contiguous to the city.

In asserting that the passage of Ordinance 1915 repealed Ordinance 1883 the appellants rely on *Mahuron* v. *City of Salem* (1950), 120 Ind. App. 247, 91 N. E. 2d 648. In that case the common council of the city of Salem amended an annexation ordinance while the same was pending on remonstrance in the Washington Circuit Court. The amendatory ordinance changed the description of the property to be annexed to the extent that only a part of the land described in the original ordinance was included. Nevertheless the trial court ordered the annexation of all land described by the ordinance before it was amended and we reversed. Obviously the only ordinance in effect was the original ordinance as amended and any judgment annexing land not included therein was void. That, however, is not our present situation. Ordinance 1915 does not purport or attempt to amend Ordinance 1883. It was a separate and independent act of the council whereby it annexed a small part of the land it had already sought to annex by the earlier ordinance which had not yet become effective by reason of the pending remonstrance. It did nothing more than render that part of the earlier ordinance, which concerned Evergreen Terrace, mere surplusage.

We attach little significance to the clause in Ordinance 1915 that "all ordinances or parts of ordinances

in conflict herewith are hereby repealed." The ■ clause is redundant, as such would have been the effect without it, and we are thrown back to the question of a repeal by implication. It is universally recognized that constructive repeals are not favored by the courts and they will not hold that an earlier law is so repealed unless the later law is so repugnant to the former that the two cannot be reconciled or unless it clearly appears that the later law would not have been enacted without a plain intention to repeal the earlier one. *Medias* v. *City of Indianapolis* (1939), 216 Ind. 155, 23 N. E. 2d 590; *State ex rel. Milligan* v. *Ritter's Estate* (1943), 221 Ind. 456, 48 N. E. 2d 993.

We can see nothing repugnant in the two ordinances. The only subject matter common to both is Evergreen Terrace and, as to it, both seek to accomplish the same purpose in the same way. If both ordinances are allowed to stand Evergreen Terrace will have been annexed to the city of Evansville twice and there will be no result other than that its later annexation will have been futile. Nor is there anything in the record that indicates, even by inference, that the council had any intention of repealing Ordinance 1883 by the enactment of Ordinance 1915.

Finally the appellants contend that by reason of the annexation of Evergreen Terrace, the remaining land sought to be annexed by Ordinance 1883 ■ cannot be identified by the description contained in said ordinance. It is difficult for us to follow this reasoning. All of the land described in Ordinance 1883 is annexed and so far as it included Evergreen Terrace it is mere surplusage. *Wilson* v. *City of Sheboygan, supra.* The remaining land is as effectively annexed as though it had been specifically described.

We find nothing in the record that warrants a reversal and the judgment is therefore affirmed.

NOTE.—Reported in 98 N. E. 2d 219.