PRENZEL ET AL. V. CITY OF EVANSVILLE.

[No. 18,178. Filed August 17, 1951. Rehearing denied September 27, 1951. Transfer denied February 18, 1952.]

*Charles J. Eichel;* and *Olsen & Niederhaus* (By Order of the Court), all of Evansville, for appellants.

*William T. Fitzgerald* and *Jerome T. Salm,* both of Evansville, for appellee.

CRUMPACKER, J.—On July 5, 1949, the common council of the city of Evansville, Indiana, enacted Ordinance 1885 whereby certain land therein described was annexed to said city. After considering a remonstrance filed by the appellants, the Vanderburgh Superior Court, by judgment entered in due course, validated such ordinance and we are asked to reverse on these grounds.

First. It is charged that the ordinance in question was enacted at a special meeting of the common council

which was not called by the "mayor, or by the president, or by three members" as required by Sec. 1-302 of the Municipal Code of 1940 of the city of Evansville, and therefore such meeting was not duly constituted and powerless to transact business. The record discloses that at a regular meeting of the council, held on June 20, 1949, at the usual time and place with a quorum present, it was decided upon motion duly carried that the council would meet in special session on July 5, 1949, "relative to the annexation . . . of property." This, in our opinion, satisfies all requirements of the law in respect to the constituting of a special meeting of the council for the transaction of such business as may properly be brought before it.

Second. The appellants assert that the purpose of the special meeting of July 5, 1949, as stated in the notice thereof, was limited to a discussion of the proposed annexation and therefore putting the ordinance on third reading and passage was *ultra vires* and void. We see little merit in this contention. It appears that all members of the council were present without protest, each participated in the proceedings voluntarily and the ordinance was passed by a unanimous vote. Under such circumstances the notice, which the appellants insist circumscribed the proceedings of the council, could have been dispensed with entirely and the meeting would nevertheless have been legal for all purposes within the scope of councilmanic authority. For a full discussion of this question see *P. H. Willian, et al.* v. *City of Evansville* (1951), 121 Ind. App. 185, 98 N. E. 2d 219.

Third. While this action was pending in the Vanderburgh Superior Court the common council of the city

of Evansville passed Ordinance 1922 whereby a part of the land included in Ordinance 1885 was annexed to the city. As Ordinance 1922 is of later date and contains a clause to the effect that "all ordinances or parts of ordinances in conflict herewith are hereby repealed" the appellants contend that Ordinance 1885 is repealed by implication. This precise question was decided adverse to the appellants' position in *P. H. Willian, et al.* v. *City of Evansville, supra,* and upon the authority of that case we hold that the slight overlapping of the lands described in the two ordinances is of no legal significance in this controversy.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 2d 913.