## Groover v. City of Irvine, et al.

(Decided December 16, 1927.)

### Appeal from Estill Circuit Court.

1.  Municipal Corporations.—In granting franchises for the public benefit, a city council acts in a legislative capacity.
2.  Municipal Corporations.—In exercise of city council's power to grant franchise for the public benefit, a discretion is vested, which cannot be taken away by the courts.
3.  Municipal Corporations.—Under Constitution, sec. 164, after sale of franchise, city council may not arbitrarily or corruptly reject all bids and thereby escape the obligation to award the franchise to the highest and best bidder.
4.  Municipal Corporations.—Where city council's rejection of all bids on sale of franchise is attacked in courts, presumption will be indulged that council has not abused its discretion, but has acted reasonably and in good faith for public benefit under Constitution, sec. 164.
5.  Municipal Corporations.—Where city council, after sale of franchise, rejects all bids under Constitution, sec. 164, one questioning council's discretion must allege and prove facts showing that council acted arbitrarily or corruptly, and was therefore guilty of clear abuse of discretion.
6.  Municipal Corporations.—Petition for mandatory injunction to compel city council to accept telephone franchise bid, alleging that mayor, who was interested in another telephone company not highest bidder at franchise sale, used his influence to secure passage of ordinance undertaking to repeal ordinance granting the franchise and to set aside the sale, without alleging any im-

proper or corrupt influence or that council's action was induced solely by mayor's influence, held demurrable, since it did not show clear abuse of discretion vested in council under Constitution, sec. 164.

H. E. HAY for appellant.

H. M. SHUMATE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On August 10, 1927, the board of council of the city of Irvine enacted an ordinance creating and establishing a telephone franchise in the city of Irvine, and providing for its sale at public bidding. The city clerk was directed to advertise the time and place of receiving bids, and to report the bids to the mayor and board of council at its next regular meeting, "when the said mayor and board of council shall consider the acceptance or rejection of bids, reserving the right to reject any and all bids." The ordinance provided that the bidder to whom the franchise should be awarded should pay the amount of his bid in cash, or by duly certified check to the treasurer of the city within five days after the franchise was awarded. The sale was advertised as required by the ordinance, and took place on August 24, 1927. Willit Groover bid for the franchise the sum of $1,000, the cost of advertising, and a free telephone for the city through the life of the franchise. On the evening of the same day, the city clerk reported to the mayor and general council, who were then in session, that the sale of said franchise had been had according to the required notice, and that Groover was the highest and best bidder, and that the franchise had been awarded to him. At the same meeting Groover tendered a certified check for $1,018 and requested the mayor and board of council to ratify the sale by resolution and ordinance. On August 26, 1927, Groover tendered to W. T. Williams, the city treasurer, his check for $1,018, but the mayor and general council refused to ratify the sale of the franchise.

Relying on the foregoing facts, and alleging his willingness to pay the city treasurer the amount of his bid, and to begin the installation of the telephone system, Groover brought this action against the city of Irvine, its mayor and the members of the board of council for a mandatory injunction compelling them to accept his bid

and grant the franchise. Subsequently Groover filed an amended petition containing the following averments: The Irvine Home Telephone Company operates a telephone system in the city of Irvine under a telephone franchise which will not expire for approximately eight years. The mayor of the city is the principal stockholder of that company. The mayor had introduced and passed the new telephone franchise, which was offered for sale. He urged its passage in order that the Irvine Home telephone Company might purchase the franchise and thereby benefit the company and himself. The mayor procured his brother to bid on the new franchise, and the latter was the only bidder for the franchise except plaintiff. The mayor's brother was outbid by plaintiff, and the mayor then used his influence and secured the passage of an ordinance or resolution, which undertook to repeal the ordinance creating the franchise, and to set aside the sale. Such action on the part of the mayor was contrary to public policy, and detrimental to the city and its citizens, and to the plaintiff, and was causing the plaintiff great and irreparable damage. The demurrer to the petition as amended was sustained, and the mandatory injunction was denied. Groover appeals.

Section 164 of the Constitution is as follows:

"No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years. Before granting such franchise or privilege for a term of years, such municipality shall first, after due advertisement, receive bids therefor publicly, and award the same to the highest and best bidder; but it shall have the right to reject any or all bids. This section shall not apply to a trunk railway."

It will be observed that the foregoing section, after making it the duty of the municipality before granting a franchise or privilege for a term of years to receive public bids therefor after due advertisement, adds the following:

"And award the same to the highest and best bidder; but it shall have the right to reject any or all bids."

In Keith v. Johnson et al., 109 Ky. 421, 59 S. W. 487, 22 Ky. Law Rep. 947, we held that, where the municipality awards a franchise, it must award it to the highest and best bidder, but that case did not deal with the right of the municipality to reject all bids. Here there is presented for the first time the question whether the discretion vested in the board of council of the municipality is subject to the control of the courts in the circumstances presented. In granting franchises for the public benefit, a city council acts in a legislative capacity. In the exercise of this power a discretion is vested, which cannot be taken away by the courts. Inasmuch, however, as the members of the city council act as trustees for the public to the end that the latter may obtain such conveniences as telephones, electric lights, and the like, they may not, after the sale of a franchise, arbitrarily or corruptly reject all bids and thereby escape the obligation to award the franchise to the highest and best bidder. However, when the exercise of the power and discretion to reject bids is attacked in the courts, the presumption will be indulged that the council has not abused its discretion, but has acted with reason and in good faith for the benefit of the public. To proceed upon any other theory would be to substitute the judgment and discretion of the courts for the judgment of the members of the council with whom the lawmakers have seen fit to lodge the power. Little Rock Railway & Electric Company v. Dowell, 101 Ark. 223, 142 S. W. 165, Ann. Cas. 1913D, 1086. Hence it is incumbent on one who calls in question the discretion of the council to allege and prove facts showing that the council acted arbitrarily or corruptly, and was therefore guilty of a clear and palpable abuse of discretion.

Here the sole facts relied on by the successful bidder are that the board of council rejected all bids, and that the mayor, who was interested in another telephone company having a franchise in the city, used his influence and secured the passage of an ordinance or resolution undertaking to repeal the ordinance granting the franchise, and to set aside the sale. It is not charged that the mayor used any improper or corrupt influence over the members of the council, or even that their action was induced solely by such influence as he attempted to use. Therefore the case is one where, notwithstanding the allegations of the pleadings, the members of the council may have acted with reason and in the utmost good faith.

That being true, the facts pleaded are not sufficient to show a clear and palpable abuse of discretion on the part of the members of the city council. It follows that the plaintiff did not show himself entitled to a mandatory injunction requiring the council to accept his bid, and that the chancellor did not err in sustaining the demurrer to the petition as amended.

Judgment affirmed.