## Baskett et al. v. Davis et al.

April 29, 1949.

Rehearing denied October 21, 1949.

Finn & Orendorf for appellants.

Marshall Funk and Maurice D. Burton for appellees.

JUDGE REES—Affirming.

The common council of the City of Bowling Green adopted an ordinance on September 1, 1947, providing

for the sale of a franchise for a period of 20 years for the collection of garbage in the City. After due advertizement bids were received on October 6, 1947, and the bid of John W. Baskett and Glover H. Carey, Jr., in the sum of $1,400, was the highest bid made. John H. Davis made a bid of $1,375. At a special meeting of the council on November 25, 1947, the franchise was awarded to John H. Davis, and thereupon the unsuccessful bidders, John W. Baskett and Glover H. Carey, Jr., brought this suit to enjoin the City and John H. Davis from taking any action under the franchise purported to have been sold to Davis, and they asked for a mandatoy injunction requiring the City to award the franchise to plaintiffs. They alleged that they were the highest and best bidders, and that the Board of Council, in accepting the bid of Davis, abused its discretion and its action was arbitrary. They further alleged that the action of the Board of Council on November 25, 1947, in accepting the bid of Davis, took place at a called meeting, and that the call was insufficient in that notice was not served in due time. The resolution accepting the bid of Davis adopted by the Board of Council reads in part:

"It is further resolved that the bid of said John H. Davis is the best bid in that it is substantially the same as the highest bid, being only $25.00 less in amount; and it appears to the council, and the council finds, that said John H. Davis has had extensive training and experience in modern sanitary garbage disposal matters, and is best able to efficiently attend to the operation of the garbage disposal system in Bowling Green.

"It further appears to the council that he is in a position to immediately put into operation a garbage disposal system, and that he has received commitments for the local purchase and delivery to him of the most modern and efficient sanitary equipment for the extension of the garbage disposal system in Bowling Green as needed.

"It further appears to the council that John H. Davis is a World War II Veteran, a native of Bowling Green, and that his parents and grandparents before him were residents of Bowling Green.

"It further appears to the council that he will be able to handle garbage disposal matters at a lesser ex-

pense to the public than is now being experienced, and at the same or less rate than any competitive bidder.

"It appears to the council that adequate financial arrangements to properly and effectively carry out all the duties and functions required of a garbage disposal system have been made by Davis and that a location satisfactory to all concerned has been acquired by him for purpose of disposal."

All but three of the councilmen were present at the meeting, and all voted in favor of the resolution. On the trial of the case the court dismissed the petition at the conclusion of the plaintiffs' proof, and they have appealed.

Most of the proof introduced by appellants was directed to the charge that the Board of Council made no investigation of the qualifications of the respective bidders, and, therefore, acted arbitrarily. Proof was admitted on the cross-examination of appellants' witnesses and over their objection that the members of Council had discussed the bidders and their qualifications and had made an investigation prior to the special meeting at which the bid of appellee Davis was accepted, but it is argued that this proof is incompetent since the City can speak only through its records. We think that the resolution adopted on November 25, 1947, shows that an investigation was made and that the Board did not act arbitrarily. The burden was on appellants to show that the statements in the resolution were untrue, and that the Council acted arbitrarily or corruptly. Section 164 of the Constitution provides that a municipality shall award a franchise to the highest and best bidder, but shall have the right to reject any or all bids. This section has been construed as permitting the legislative body of the municipality to reject what appears on its face to be the highest bid and accept a lower one as the best bid if it exercises a sound discretion and does not act arbitrarily or corruptly in doing so. The bidder who offers the most money is not necessarily the highest and best bidder. Hatcher v. Kentucky & West Virginia Power Co., 280 Ky. 583, 133 S. W. 2d 910. In Keith v. Johnson, 109 Ky. 421, 59 S. W. 487, 488, it was said: "* * * the ascertainment of who is the highest and best bidder is, in the first instance, committed by the constitution and the statutes to the governing authorities of

the municipality; and it would seem clear that, except in cases where there was about to be on the part of such authorities a plain and palpable violation of their duty to award the franchise to the highest and best bidder, the courts should not interfere. The ascertainment of this fact is one to be determined as other facts are determined, and force is to be given to both the controlling words 'highest' and 'best,' found in the constitution.''

In Groover v. City of Irvine, 222 Ky. 366, 300 S. W. 904, 905, it was said: ''However, when the exercise of· the power and discretion to reject bids is attacked in the courts, the presumption will be indulged that the council has not abused its discretion, but has acted with reason and in good faith for the benefit of the public. To proceed upon any other theory would be to substitute the judgment and discretion of the courts for the judgment of the members of the council with whom the lawmakers have seen fit to lodge the power. Little Rock Railway & Electric Company v. Dowell, 101 Ark. 223, 142 S. W. 165, Ann. Cas. 1913D, 1086. Hence it is incumbent on one who calls in question the discretion of the council to allege and prove facts showing that the council acted arbitrarily or corruptly, and was therefore guilty of a clear and palpable abuse of discretion.''

The appellants failed to sustain this burden and show an abuse of discretion on the part of the Board of Council or that it acted arbitrarily.

There was proof that the three councilmen who were absent when the award to Davis was made were served with notice two or three hours before the meeting. KRS 85.080(2) provides that the mayor may call a special meeting of the council, but makes no provision as to how or when notice of the meeting shall be given to the members. Here, all members of Council except three were present at the meeting, and all of them voted for the resolution awarding the franchise to Davis. One of the absent members was sick and one had an engagement out of the City. We fail to find that the notice of the meeting was unreasonable.

The judgment is affirmed.