SOLOMON et al.

v.

CALVERT CITY et al.

Court of Appeals of Kentucky.

April 23, 1954.

Earl Osborne, Benton, for appellants.

H. H. Lovett, H. H. Lovett, Jr., John C. Lovett, Benton, for appellees.

COMBS, Justice.

Certain property owners have appealed from a judgment upholding the validity of the ordinances by which the town of Calvert City attempted to annex additional territory. Calvert City being a sixth class town, the applicable statute is KRS 81.240.

The ordinances are attacked on a number of grounds but only one of the grounds has any merit. The final ordinance annexing the additional territory was enacted at a special meeting of the city council held without written notice to the members of the council. KRS 88.040, applicable to cities of the sixth class, makes provision for regular meetings of the city council and also provides that special meetings may be called "by written notice delivered at least three hours prior to the time specified for the proposed meeting." Clearly, the requirement of written notice is mandatory, although we have held that where all the members of the council are present at the meeting, the lack of written notice is not prejudicial. Tandy & Fairleigh Tobacco Co. v. City of Hopkinsville, 174 Ky. 189, 192 S.W. 46; Baskett v. Davis, 311 Ky. 13, 223 S.W.2d 168. Here, however, one of the councilmen did not attend so it cannot be said that the requirement of written notice was waived.

It is suggested by appellees that even though the questioned ordinance is invalid, the appellants will gain a Pyrrhic victory because the council, even now, can accomplish the annexation by passing a valid ordinance to that effect. That is so. But until such an ordinance is enacted at a legally constituted meeting, the annexation is not effective. Although we find no evi-

dence in this record of evasion or subterfuge, the statutory provision requiring written notice of a special meeting of the council was enacted to accomplish a salutary purpose and we are not at liberty to ignore it.

The judgment is reversed for proceedings consistent with this opinion.