W. B. FOSSON et al., Appellants,

v.

FISCAL COURT OF BOYD COUNTY, etc., et al., Appellees.

Court of Appeals of Kentucky.

June 21, 1963.

H. David Hermansdorfer, Diederich & Hermansdorfer, Ashland, for appellants.

James E. Adkins, Calvin R. Gearhart, Catlettsburg, Howard VanAntwerp, Jr., VanAntwerp & VanAntwerp, Ashland, for appellees.

STEWART, Chief Justice.

The Boyd County Board of Education (herein called "the board of education"), whose members are appellees herein, determined it was necessary to construct an elementary school at Catletts Creek. Under statutes regulating the issuance of revenue bonds, mentioned hereinafter, the board of education has no authority to act on its own but must make financing and building arrangements through the Boyd County Fiscal Court (herein called "the fiscal court"), whose members are also appellees herein. After the school building is completed, it is leased to the board of education by the fiscal court pursuant to the terms and conditions of KRS 162.140.

An architect was hired and plans were effectuated for constructing the school. The fiscal court advertised for bids, the advertisement stating the right was reserved to reject any and all bids. In the specifications upon which bids were based, the bidders were instructed as follows:

"Each contractor will be required to state in his bid the number of working days he estimates will be required to complete this project. This number, as well as the bid price, may be instrumental in the selection of the successful bidder."

Three bids were received, but only two are involved in this action. W. B. Fosson & Sons, appellants herein, submitted a base bid of $249,745 and a contract completion time estimate of 220 days. W. D. Johnson, an appellee herein, submitted a base bid of $249,751 and a completion time estimate of 180 days. The board of education recommended that Johnson's bid be accepted. Thereupon the fiscal court awarded

the contract to Johnson. There is no question but that both these bidders are responsible contractors.

Appellants immediately filed this action, procuring a temporary injunction against appellees which enjoined them from proceeding further in the construction of the school building. Appellants also sought damages from appellees, alleging the latter's conduct was arbitrary and capricious. A motion by appellees for summary judgment was sustained and the injunction was dissolved.

On this appeal, appellants contend KRS 162.070 controls fiscal courts and makes it mandatory that contracts, such as the one in controversy, be let to the lowest and best responsible bidder complying with the terms of the letting, when engaging in a school building project under KRS 162.300.

Under KRS 162.300 county boards of education and boards of independent school districts, not embracing a city of any class, in order to obtain buildings for school purposes, are permitted to follow the same plan as cities (See KRS 162.120 through KRS 162.300), and that is the general plan followed by the board of education and the fiscal court in the case at bar, except that the financing of the building was to be done under the applicable provisions of KRS Chapter 58. No where in these pertinent statutes is there any requirement about letting contracts to the lowest bidder or even to the lowest and best bidder. It would therefore appear that the terms and conditions of KRS 162.070 may not be the governing statute under the facts presented but see KRS 424.260.

The order of the fiscal court accepting the W. D. Johnson bid recites therein all the bids received, including the base bids and five alternative items for each, and then states, in part:

"The Boyd County Board of Education by resolution recommended that the base bid of W. D. Johnson * * * be accepted as the lowest and best bid,

therefore, it is moved * * * that W. D. Johnson be awarded the contract * * *."

Appellant argues this statement shows that the fiscal court did not exercise any discretion in this matter, but only in a purely ministerial fashion approved the recommendation of the school board as if it were a compulsory order. Such delegation of its discretion to the school board, it is insisted, represents arbitrary and capricious conduct on the part of the fiscal court.

The trial court ruled that the power to accept or reject the bid was in the fiscal court, and that the trial court could not interfere in the matter except in cases of fraud or collusion, which were not alleged in this case. This holding is sustained by the case law of this jurisdiction. See Baskett v. Davis, 311 Ky. 13, 223 S.W.2d 168; Bancamerica-Blair Corporation, et al. v. State Highway Commission, et al., 265 Ky. 100, 95 S.W.2d 1068; R. G. Wilmott Coal Co. v. State Purchasing Commission, et al., 246 Ky. 115, 54 S.W.2d 634; Trapp v. City of Newport, 115 Ky. 840, 74 S.W. 1109.

This statement, taken from 43 Am.Jur., Public Works and Contracts, sec. 45, p. 788, is pertinent to the situation before us:

"* * * It has been held that where the right to reject is reserved, the lowest bid or any bid may be rejected on a mere technicality, that all bids may be rejected, even if arbitrarily and unwisely, or under a mistake, and that in the exercise of a sound discretion, the award may be made to another than the lowest bidder. The presentation by a reliable and responsible bidder of the lowest bid to officials whose duty it is to let the contract to the lowest reliable and responsible bidder, but who have the right and have given notice that they reserve the right to reject any and all bids, does not constitute an agreement that they will make a contract with such a bidder, nor vest in him

such an absolute right to the contract as against a higher bidder."

Here, appellants' assertion of unlawful delegation of discretion by the fiscal court is premised solely on the wording of that court's order awarding the contract. Balanced against this must be such facts, which were known to the fiscal court, as the merely nominal difference ($6.00) in the base bids and the great difference (40) days in work completion time.

 The award of the contract to W. D. Johnson as the lowest and best bidder under all the facts and circumstances, in our opinion, represents an honest decision of public servants endeavoring to use their best judgment in reaching the conclusion they thought best.

Wherefore, the judgment is affirmed.