**OHIO RIVER CONVERSIONS, INC., Appellant,**

v.

**CITY OF OWENSBORO, Kentucky and Walter Meschko, Appellees.**

Court of Appeals of Kentucky.

Jan. 27, 1984.

Charles R. Meers, Louisville, for appellant.

Frankie Scott Hager, City Atty., Owensboro, for appellee, City of Owensboro.

Before CLAYTON, LESTER and MILLER, JJ.

LESTER, Judge.

This is an appeal from a summary judgment dismissing plaintiff/appellant's claim with prejudice.

The City of Owensboro was the owner of a boat dock which it utilized for the benefit of its citizens who owned boats. In 1982, the municipality concluded to sell the facility, so it advertised for sealed bids, which notice provided:

The City of Owensboro reserves the right to reject any and all bids and to waive any irregularities in said bids.

The quotation instructions contained similar language.

Upon bid tabulation, appellant was the high bidder at $7,610 while appellee, Meschko, was second at $7,000. At the time the board of commissioners was to make the award, it was learned that Ohio River Conversions intended to remove the boat dock to Louisville, thus leaving some of the boating public without space to harbor their craft. With this in mind, the city accepted the bid of Meschko who advised the board that he would operate the dock in Owensboro. Appellant was not a resident or taxpayer of the city.

O.R.C. brought this action seeking "specific performance of his contract of purchase" and injunctive relief prohibiting transfer of the facility to Meschko. The trial court, based upon findings of fact and conclusions of law, sustained the appellees' motion for summary judgment because of appellant's failure to state a cause of action.

The thrust of this appeal is couched in the Model Procurement Code (KRS Chapter 45A) under which the city operated. More specifically, appellant's position is that since KRS 45A.365(2) requires:

The invitation for bids shall state whether the award shall be made on the basis of the lowest bid price or the lowest evaluated bid price. If the latter is used, the objective measurable criteria to be utilized shall be set forth in the invitation for bids,

and that "evaluated bid price" had been defined in the code (KRS 45A.345(6)) as meaning:

... the dollar amount of a bid after bid price adjustments are made pursuant to objective measurable criteria, set forth in the invitation for bids, which affect the economy and effectiveness in the operation or use of the product, such as reliability, maintainability, useful life, residual value, and time of delivery, performance, or completion.

In essence, O.R.C. urges that since the city failed to include in its invitation to bid that the dock was to remain within the municipal limits, but did provide that the award would be made on the basis of the "high bid," then it is entitled to reversal and ownership of the marina. We disagree.

Although the procurement code provides in some four different sections most laudatory policies and purposes, it must be kept in mind that its primary function is to benefit the citizens, as is the real purpose of government itself and the laws pertinent thereto. Appellant agrees with this premise, for it directs our attention to 72 C.J.S. Supplement *Public Contracts* § 8 (1975) for the authority that:

Competitive bidding statutes are primarily intended for the benefit of the public rather than for the benefit or enrichment of bidders, and consideration of advantages or disadvantages to bidders must be secondary to the general welfare of the public.

The foregoing statement leads us to inquire as to the standing of the appellant to bring the action in the first instance, for we note at 72 C.J.S. *Public Contracts* § 17 (1975), in a discussion of the remedies of unsuccessful

bidders, there are expressed the two views as to whether such a person or entity has standing to request the judicial award of the contract or seek damages from the municipality. This jurisdiction has adopted the view that there is no such standing and it was so expressed in *R.G. Wilmott Coal Co. v. State Purchasing Commission,* 246 Ky. 115, 54 S.W.2d 634, 636 (1932), to the effect:

> Counsel for appellees argue that since this statute was enacted in the public interest and not for the benefit of the unsuccessful bidder, appellant cannot maintain this action. There are many cases so holding, .... *See also Bancamercia-Blair Corp v. State Highway Commission,* 265 Ky. 100, 95 S.W.2d 1068, 1071 (1936).

Nothing contained in Chapter 45A modifies this principle, and it remains the law. Examination of the applicable portion of the code demonstrates that no civil remedies are provided, but rather criminal penalties for violation thereof. By this, however, we do not mean that a qualified taxpayer of the city is precluded from commencing this type of litigation, 64 C.J.S. *Municipal Corporations* § 2127 *et seq.* (1950), but appellant is neither a taxpayer nor a resident of Owensboro and does not so allege in its complaint. Cf. *Carrico v. City of Owensboro,* Ky., 511 S.W.2d 677, 679 (1974). We are cognizant of the fact that the trial court made no reference to the question of standing and appellees only incidentally alluded to it by way of brief, but we deem it essential to the consideration of this cause.

■ There are other legal theories of long standing having application here which we are unwilling to disturb and those are, absent fraud or collusion, the courts will not interfere with power to accept or reject bids by a governmental agency. No fraud or collusion was alleged here. In addition, municipalities have wide discretion in the exercise of acceptance or rejection, and where they reserve the right to reject, the courts will not disturb their actions based on mere technicality, even if made unwisely or under mistake. *Fosson v. Fiscal Court of Boyd County,* Ky., 369 S.W.2d 108 (1963).

■ Appellant sought in its complaint to require specific performance of its *contract* to purchase, but no such contract existed, for a notice inviting bids does not constitute an offer but merely a solicitation of offers, which does not impose any contractual obligations. 72 C.J.S. Supplement *Public Contracts* § 11 (1975). *Fosson, supra.*

■ We believe we should address generally the procurement code. That act deals almost entirely with purchases by units of government as is evidenced by the seven subsections of KRS 45A.010, with but one section, KRS 45A.425, dealing with the disposal of surplus property. However, that statute does not make it mandatory that the agency follow the other sections of Chapter 45A in *disposing or selling* of its property, for it provides that it "may" sell in accordance with the code. By virtue of KRS 45A.345(10), " '[m]ay' shall mean permissive."

What occurred here was that the City of Owensboro exercised its discretion for the benefit of its citizens by accepting the bid submitted by Meschko which insured the retention of the facility for the use of its boating residents.

The judgment is affirmed.

All concur.