RENDERED: MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0730-MR

RMI, INC.                                                       APPELLANT


                      APPEAL FROM GRAYSON CIRCUIT COURT
v.                 HONORABLE BRUCE T. BUTLER, JUDGE
                      ACTION NO. 20-CI-00114


CITY OF LEITCHFIELD,
KENTUCKY; CITY COUNCIL OF
LEITCHFIELD; BILLY DALLAS;
CLAYTON MILLER; HAROLD
MILLER; KELLY STEVENSON;
MARGIE DECKER; RAYMOND
"TOOTY" COTTRELL; AND MAYOR
FOR THE CITY OF LEITCHFIELD,
RICK EMBRY                                     APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE, JUDGES.

THOMPSON, CHIEF JUDGE: RMI, Inc. ("Appellant") appeals from an order of

the Grayson Circuit Court granting summary judgment in favor of the City of

Leitchfield, *et al*. ("Appellees") on its claim for a declaratory judgment and monetary damages.  It argues that the circuit court erred in finding that Appellant did not have standing to seek monetary damages and in its conclusion that the declaratory action was moot.  After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

In 2019, the City of Leitchfield ("the City") sought bids for property and general insurance to take effect in the middle of the fiscal year beginning on January 1, 2020.  On October 24, 2019, the City published in the local newspaper a Request for Proposals ("RFP") soliciting bids, with the RFP describing the nature and scope of the insurance the City sought.

On November 22, 2019, three insurance agencies, one of which is Appellant, submitted proposals in response to the RFP.  Appellant submitted two proposals, underwritten by Travelers and Zurich, respectively.  Insurance agency E.M. Ford submitted a proposal underwritten by Tokio Marine, and Kinkade Cornell Insurance Agency ("Kinkade Cornell") proposed a policy underwritten by Kentucky Leagues of Cities.  The City's general liability and property insurance in effect at the time of the RFP was also underwritten by Kentucky League of Cities.

Appellant's submission underwritten by Travelers was the lowest bid. The RFP, however, expressly stated that the City reserved the right to choose or

reject any bid. It further stated that its acceptance, if any, would be based solely on its consideration of all relevant factors and not merely the lowest bid.

The City's Mayor, Rick Embry, and the Utility Commission requested that the City Clerk/Treasurer, Lori Woosley, and Utility Commission attorney, David Vickery, review the bids. Woosley and Vickery received input from the bidders, and attended a December 16, 2019 meeting of the City Council where the bids were discussed. At the meeting, Mayor Embry proposed executing a six-month policy so that a subsequent one-year policy could be coordinated with the fiscal year.

On December 16, 2019, Woosley and Vickery produced a written memorandum recommending that the City extend the current policy through Kentucky League of Cities for an additional six months, followed by a new RFP for the 2021-2022 fiscal year. The recommendation noted that Tokio Marine and Travelers had not quoted Island Marine insurance separately as set out in the RFP, and that Travelers and Zurich had not complied with other requirements. Another factor in supporting the recommendation of Woosley and Vickery was that they needed more time to fully evaluate the proposals.

Another meeting was conducted on December 23, 2019, where Mayor Embry advocated adopting the recommendation of Woosley and Vickery. After

discussion, the City Council voted to extend the City's existing policy with Kentucky League of Cities for six months.

On January 6, 2020, the sole shareholder of Appellant, Aubrey Beatty, alleged that the Council's vote was not valid for at least two reasons. First, Beatty noted that Steve Kinkade, who had an interest in Kinkade Cornell, had a conflict of interest because he sat on the City's Planning and Zoning Commission and the City's Board of Adjustments. Beatty also believed that Vickery had drafted the articles of incorporation for Kinkade's business.

One week later, on January 13, 2020, the City Council called a special session to discuss rescinding the December 23, 2019 vote in favor of continuing the existing Kentucky League of Cities coverage for six months. After discussion, the Council unanimously voted to rescind the December 23, 2019 vote. After the vote, the Council heard from Kinkade, who stated that he was an owner of Kinkade Cornell Insurance Agency; was a member of the City's Board of Adjustments and Planning Commission; that he had no input on the City's decision to purchase insurance from Kinkade Cornell Insurance Agency nor had tried to influence any official; and, that he would not personally benefit from the City's purchase of insurance though his insurance agency would. Kinkade also noted that Vickery had filed corporate paperwork for Kinkade Cornell Insurance Agency some two years before Kinkade became a member of the City's Board of Adjustments and

Planning Commission. It appears from the record that Kinkade's connection to Kinkade Cornell Insurance Agency was well-known to all parties, not only by the name of the insurance agency, but because Kinkade had regularly filed financial interest disclosures with the County Clerk after joining the Board of Adjustments and Planning Commission.[1]

Following Kinkade's disclosure, a motion was made to extend the existing KLC insurance policy for six months. The Council approved the motion by a vote of 3-2.

On June 16, 2020, Appellant filed the instant action in Grayson Circuit Court against the City, the Mayor, and the City Council members in their individual capacities. The complaint alleged violations of the City's Code of Ordinances; that the approval of the Kentucky League of Cities' bid was improper based on Kinkade's conflict of interest; that the approval of the bid violated Kentucky Revised Statutes ("KRS") 65A.080 and the Kentucky Constitution; and, that Appellant be awarded a declaratory judgment holding the defendants liable in their individual capacities. Appellant sought monetary damages and a ruling that the City's six-month extension of the existing contract was void.

---

[1] Kinkade's public disclosures were required because the City was considering extending its insurance contract with Kinkade Cornell Insurance Agency. Though the City's Code of Ordinances generally prohibited a City official or employee from benefitting from a City contract, the benefit was allowed if the nature of the official or employee's interest in the contract was disclosed at a public meeting an entered into the record.

The matter proceeded in Grayson Circuit Court, culminating in Appellees' motion for summary judgment. While the motion was pending, Appellant dismissed its claims against the Mayor and Council members in their individual capacities, and also its statutory and constitutional claims. After additional briefing, the circuit court entered an order on May 16, 2023, sustaining Appellees' motion for summary judgment. In support of the order, the court determined that Appellant lacked standing to seek monetary damages. The circuit court also ruled that Appellant's claim for a declaratory judgment was moot. This appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.*

-6-

"Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Grayson Circuit Court committed reversible error in granting Appellees' motion for summary judgment. It first argues that the circuit court improperly determined that Appellant does not have standing to seek monetary damages. In support of this argument, Appellant maintains that an action seeking a declaratory judgment may be brought alone or may be brought with the substantive claim seeking recompense. Appellant argues that he brought his action for a declaratory judgment in conformity with KRS 418.040, that this statute and the supportive case law establish his standing, and that the circuit court erred in failing to so rule. Appellant also asserts that, while a disappointed bidder may not have standing to challenge the award of a municipal contract to another bidder, the presence of fraud, collusion, or dishonesty in the bidding process creates standing for the disappointed bidder. Appellant argues that it pleaded and argued fraud, collusion, or dishonesty sufficient to establish standing and overcome Appellees'

motion for summary judgment. Appellant requests an opinion reversing the order of summary judgment on appeal.

In ruling on this issue below, the circuit court relied on *Ohio River Conversions, Inc. v City of Owensboro*, 663 S.W.2d 759 (Ky. App. 1984), for the proposition that competitive bidding statutes are primarily intended to benefit the public rather than to benefit or enrich bidders. The panel of this Court in *Ohio River Conversions* noted that Kentucky has adopted the view that a person or entity does not have standing to request the judicial award of a municipal contract, nor to seek damages from a municipality arising from the bidding process.[2]

Further, the circuit court stated that it was "skeptical, to be sure" as to whether Appellant had pleaded fraud, collusion, or dishonesty. It determined, *arguendo*, that even if Appellant had properly pleaded or argued fraud, collusion or dishonesty, Appellant nevertheless did not have standing to pursue an award of monetary damages because Appellant's claim did not benefit the public rather than an aggrieved bidder.

---

[2] The Kentucky Model Procurement Code ("KMPC") grants standing to aggrieved bidders to seek judicial review of a municipality's decision to award a contract to another bidder. *See generally Pendleton Bros. Vending, Inc. v. Commonwealth Finance & Adm. Cab.*, 758 S.W.2d 24 (Ky. 1988). The KMPC, however, only applies to municipalities that have adopted it. *Laurel Constr. Co. v. Paintsville Util. Comm'n*, 336 S.W.3d 903 (Ky. App. 2010). The Grayson Circuit Court and the parties agree that the City of Leitchfield has not adopted the KMPC. Per *Pendleton Bros.*, when a municipality has not adopted the KMPC, an aggrieved bidder has no standing to challenge the award of a public contract absent a showing of fraud, collusion, or dishonesty.

After closely examining the record and the law, we agree with the Grayson Circuit Court that Appellant does not have standing to seek judicial intervention in the City's six-month extension of its existing insurance contract. "A disappointed bidder has no interest in a contract entered into in good faith with his competitor. Relief could be granted only at the instance of a taxpayer or the state agency." *HealthAmerica Corp. of Kentucky v. Humana Health Plan, Inc.*, 697 S.W.2d 946, 948 (Ky. 1985) (citation omitted). The record does not support Appellant's claim that it should be characterized as a taxpayer rather than an aggrieved bidder for purposes of establishing standing. Appellant submitted proposals to the City in response to the RFP requesting qualified bidders. It entered the bidding process as a bidder and its grievance arose from the resolution of that process. Its status as taxpayer is only ancillary to its role as bidder.

In addition, we do not conclude that Appellant pleaded fraud, collusion, or dishonesty sufficient to establish an exception to the general rule that aggrieved bidders have no standing to challenge municipal contracts. Further, the record, even when viewed in a light most favorable to Appellant, does not establish fraud, collusion, or dishonesty. It cannot reasonably be argued that Appellant was fraudulently denied the contract it sought, as none of the other bidders were awarded the contract either. The reasoning for the Council's decision to postpone a new one-year contract to coincide with the fiscal year is supported by the record.

Furthermore, Kinkade made a full disclosure of potential conflicts on the record before the final vote to extend the then-existing insurance contract for six months. When the record is considered in its totality, we find no error in the circuit court's determination that Appellant did not have standing based on the fraud, collusion, or dishonesty exception.

Appellant goes on to argue that the circuit court erred in ruling that Appellant's declaratory action was non-justiciable due to mootness. Citing *Commonwealth v. Hughes*, 873 S.W.2d 828, 830-31 (Ky. 1994), Appellant maintains that though the circuit court correctly found that the six-month extension of the City's existing insurance contract expired during the course of the instant litigation, Appellant should benefit from an exception to the doctrine because there is a reasonable expectation that the Appellant would be subject to the same action again in the future. That is to say, Appellant asserts that an exception to the mootness doctrine is found herein because Appellant could easily be subject to the same whims or self-serving desires of City officials again in the future. It argues that without judicial guidance, the City is free to conduct the same improper activity again in the future.

The six-month extension of the existing insurance contract expired during the pendency of the circuit court proceeding, rendering Appellant's claim moot. Appellant's argument as to what could occur in the future is at best

-10-

speculative or hypothetical, and does not establish that Appellant is entitled to an exception to the mootness doctrine. If such speculation were sufficient to support the exception, the mootness doctrine would itself become moot because any aggrieved party could hypothesize as to what the future might hold. We do not believe that such speculation establishes a reasonable expectation that Appellant would be subject to the same action again in the future as required by *Hughes*, *supra*. As such, we find no error.

## CONCLUSION

The circuit court correctly found that there were no genuine issues as to any material fact and that Appellees were entitled to judgment as a matter of law. *Scifres*, *supra*. Accordingly, we affirm the order of the Grayson Circuit Court granting summary judgment in favor of Appellees.

ALL CONCUR.

BRIEFS FOR APPELLANT:

C. Mike Moulton
Elizabethtown, Kentucky

BRIEF FOR APPELLEES:

Jeffrey C. Mando
Jennifer L. Langen
Covington, Kentucky